Zachary C. Frampton (SBN 303225)
Email: zframpton@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
Synchrony Bank

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN OSMAN ALI,<br><br>                    Plaintiff,<br><br>     vs.<br><br>SYNCHRONY BANK,<br><br>                    Defendant. | Case No.:  1:17-at-287<br><br>[Removal from the Superior Court of the State of California for the County of Fresno, Case No. 17CECG00659]<br><br>**DEFENDANT SYNCHRONY BANK'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441**<br><br>**[FEDERAL QUESTION JURISDICTION]**<br><br>Action Filed: March 2, 2017 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant Synchrony Bank ("Synchrony"), by counsel, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby notices removal of the state court civil action known as *Hussein Osman Ali v. Synchrony Bank*, Case No. 17CECG00659, from the Superior Court of the State of California for the County of Fresno, to the United States District Court for the Eastern District of California, and in support thereof states as follows.

1.      On or about March 2, 2017, Plaintiff Hussein Osman Ali ("Plaintiff") filed the Unverified Complaint against Synchrony (the "Complaint") in the Superior Court of the State of California for the County of Fresno (the "State Court").

2.      On March 7, 2017, Synchrony's registered agent, CT Corporation, received the Complaint by regular mail.  The letter was postmarked on March 2, 2017. A true and correct copy of all process, pleadings, and orders served upon Synchrony is attached hereto as **Exhibit A**.

3.      Synchrony filed an Answer to Plaintiff's Unverified Complaint on March 29, 2017.  A true and correct copy of Synchrony's Answer is attached hereto as **Exhibit B**.

4.      As of the date of this filing, no other pleadings, motions, or papers other than the Complaint and Answer have been served on or filed by Synchrony in this action.  In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed by or served upon Synchrony are attached hereto as **Exhibits A & B**.

5.      As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Synchrony has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

SYNCHRONY BANK'S NOTICE OF
REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**GROUNDS FOR REMOVAL**

**I.    Synchrony Has Satisfied The Procedural Requirements For Removal.**

6.    Synchrony's registered agent received the Complaint by regular mail on March 7, 2017.  Assuming, arguendo, the proper date of service was March 7, 2017, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Synchrony is filing its Notice of Removal within 30 days of its receipt of the initial pleading setting forth the claim for relief upon which such action is based.[1]

7.    This Court is the proper division because it embraces the Superior Court of the State of California for the County of Fresno where Plaintiff's action is pending. *See* 28 U.S.C. §§ 1441 and 1446(a).

8.    There are no other cases related to the instant action, and Synchrony has not attempted to remove this case previously.

9.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and a copy is being filed with the State Court Clerk.

**II.    Removal Is Proper Because This Court Has Subject Matter Jurisdiction.**

10.    Under 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America.  *See* 28 U.S.C. § 1331.

11.    Here, Plaintiff's Complaint purports to assert a claim against Synchrony for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").  *See* Complaint, pp. 4-6.  Plaintiff's purported claim therefore "arises under" the laws of the United States.  *Anthony v. Equifax Info. Servs.*, LLC, No. 2:13-CV-01424-TLN, 2015 WL 502857, at *4, n.4 (E.D. Cal. Feb. 5, 2015).  Therefore, this Court may properly exercise jurisdiction over this claim.

12.    To the extent that any other claims in this action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. § 1367.

---

[1] Alternatively, assuming Plaintiff complied with Cal. Civ. Proc. Code § 415.40 in serving an out-of-state defendant by first-class mail requiring a return receipt, service would be considered complete on the 10th day after mailing, which is March 12, 2017.  This Notice of Removal is timely under either scenario.

SYNCHRONY BANK'S NOTICE OF
REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

13. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

14. By filing this Notice of Removal, Synchrony does not waive any defense to the Complaint, including but not limited to lack of service, improper service, or lack of personal jurisdiction.

**WHEREFORE**, Defendant Synchrony Bank, by counsel, respectfully requests that the above-referenced action, originally filed in the Superior Court of the State of California for the County of Fresno, be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.


DATED:  April 5, 2017                    Reed Smith LLP


                                        By: /s/ Zachary C. Frampton
                                            Zachary C. Frampton
                                            Attorneys for Defendant
                                            Synchrony Bank

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

SYNCHRONY BANK'S NOTICE OF
REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441

# EXHIBIT A

CT Corporation

**Service of Process Transmittal**
03/07/2017
CT Log Number 530817631

TO: Talaya Kluttz
Synchrony Financial
332 Minnesota St Ste W600
Saint Paul, MN 55101-1535

RE: **Process Served in California**

FOR: Synchrony Bank  (Domestic State: UT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Hussein Osman Ali, Pltf. vs. Synchrony Bank, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Cover Sheet, Instructions, Complaint |
| **COURT/AGENCY:** | Fresno County - Superior Court - Fresno, CA<br>Case # 17CECG00659 |
| **NATURE OF ACTION:** | Plaintiffs complaint against defendant regarding? Failure to Conduct a Reasonable Investigation Violations of FCRA, |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 03/07/2017 postmarked on 03/02/2017 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Hussein Ali<br>5730 N First Street Suite 105-208<br>Fresno, CA 93710 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0139384078 |
| | Image SOP |
| | Email Notification,  Talaya Kluttz  talaya.l.kluttz@syf.com |
| | Email Notification,  Synchrony Financial Litigation<br> syf.litigation@synchronyfinancial.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AY

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

H. Ali
5730 N First Street 708-206
Fresno CA 93710

FRESNO CA 92
02 MAR 2017 PM 1
ADDITIONAL OUNCE
ADDITIONAL OUNCE
FOREVER
USA

C T Corporation System

818 N 7th Street St 930

Los Angeles CA 90017
90017-347630

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SYNCHRONY BANK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HUSSEIN OSMAN ALI



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED

MAR 02 2017

FRESNO SUPERIOR COURT

B, _____
DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court County of Fresno

**CASE NUMBER:**
*(Número del Caso):* **17 CE CG 00 6 5 9**

1130 "O" Street
Fresno, CA 93721

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hussein Ali 5730 N First Street Suite 105-208 Fresno, CA 93710

| DATE: *(Fecha)* **MAR 02 2017** | Clerk, by *(Secretario)* C Coghum | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Synchrony Bank

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>CIVIL DEPARTMENT, CENTRAL DIVISION<br>1130 O Street<br>Fresno, Ca 93721<br>559-457-1900 | *FOR COURT USE ONLY*<br><br>Filed<br>  Fresno County |
|---|---|
| **TITLE OF CASE:**<br><br>Hussein Osman Ali Vs. Synchrony Bank | 03/02/2017<br>By System |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND<br>ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | **CASE NUMBER:**<br><br>**17CECG00659** |

**To All Parties and their Attorneys of Record:**

> This case has been assigned to **Alan M Simpson for all purposes**.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **6/26/2017 1:30PM in Room 104  located at 1130 O Street, Fresno, CA 93721**

You must comply with the requirements set forth in Fresno Superior Court Local Rules Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time.  If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

> IMPORTANT: This hearing is <u>not</u> a trial. It is for the court to inquire as to the status of the case and to determine what future hearings, including a trial date, need to be set.

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:  **03/02/2017**          Clerk, by  _C. Cogaum_          ; Deputy
                                            C. Cogburn

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
HUSSEIN ALI
5730 N FIRST STREET SUITE 105-208
Fresno, CA 93710

TELEPHONE NO.:          FAX NO.:
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 "O" Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno, CA 93721
BRANCH NAME: Civil

FOR COURT USE ONLY

**FILED**

MAR 02 2017

FRESNO SUPERIOR COURT
By_____
                    DEPUTY

CASE NAME:
OSMAN ALI VS SYNCHRONY BANK

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 17 CE CG 00659 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): FIVE (5)
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 03/02/2017

HUSSEIN OSMAN ALI
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
   Auto (22)–Personal Injury/Property
      Damage/Wrongful Death
   Uninsured Motorist (46) *(if the
      case involves an uninsured
      motorist claim subject to
      arbitration, check this item
      instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
         Wrongful Death
   Product Liability *(not asbestos or
      toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice–
         Physicians & Surgeons
      Other Professional Health Care
         Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip
         and fall)
      Intentional Bodily Injury/PD/WD
         (e.g., assault, vandalism)
      Intentional Infliction of
         Emotional Distress
      Negligent Infliction of
         Emotional Distress
      Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business
      Practice (07)
   Civil Rights (e.g., discrimination,
      false arrest) *(not civil
      harassment)* (08)
   Defamation (e.g., slander, libel)
      (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
         *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)
**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease
         Contract *(not unlawful detainer
            or wrongful eviction)*
      Contract/Warranty Breach–Seller
         Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/
         Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
         Case
   Insurance Coverage *(not provisionally
      complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute
**Real Property**
   Eminent Domain/Inverse
      Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent
         domain, landlord/tenant, or
         foreclosure)*
**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential)*
**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
         Case Matter
      Writ–Other Limited Court Case
         Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
         Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims
      *(arising from provisionally complex
      case type listed above)* (41)
**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of
         County)
      Confession of Judgment *(non-
         domestic relations)*
      Sister State Judgment
      Administrative Agency Award
         *(not unpaid taxes)*
      Petition/Certification of Entry of
         Judgment on Unpaid Taxes
      Other Enforcement of Judgment
         Case
**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified
      above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-
         harassment)*
      Mechanics Lien
      Other Commercial Complaint
         Case *(non-tort/non-complex)*
      Other Civil Complaint
         *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
   Partnership and Corporate
      Governance (21)
   Other Petition *(not specified
      above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
         Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
         Claim
      Other Civil Petition

CM-010 [Rev. July 1, 2007]                                      **CIVIL CASE COVER SHEET**                                      Page 2 of 2

1  Hussein Osman Ali
   5730 N First St Suite 105-208
2  Fresno CA 93710
   hali41559@gmail.com
3  (559) 647-2360

FILED

MAR 02 2017

FRESNO SUPERIOR COURT
By_____
                    DEPUTY

4

5                    **Superior Court of California**
6                           **County Fresno**

7

8  Hussein Osman Ali                    )        17 CE CG 00659
9                                       )        **COMPLAINT FOR DAMAGES FOR:**
                  Plaintiff,            )
10           VS.                        )        1. **FAILURE TO CONDUCT A**
                                        )           **REASONABLE INVESTIGATION.**
11  SYNCHRONY BANK                      )        2. **VIOLATION OF THE FCRA, 15 U.S.C.**
                                        )           **§ 1681s-2(b).**
12                                      )        3. **DEFAMATION.**
                                        )        4. **TORTIOUS INTERFERENCE WITH**
13                                      )           **PROSPECTIVE ECONOMIC**
                                        )           **ADVANTAGE.**
14                                      )        5. **NEGLIGENCE**
                                        )
15                     Defendants       )
16  _____ )

17
                              I
18
                    PRELIMINARY STATEMENT
19

20  SYNCHRONY BANK, is a UTAH  corporation with its principal place of business in DRAPER

21  UTAH. The company is providing Banking and Credit services to consumers throughout the

22  United States.

23
                              II
24
                    JURISDICTION AND VENUE
25
    The County Superior Court has Jurisdiction over this matter because the relief requested   includes
26
    a permanent injunction and the monetary relief demanded less than $25,000. Plaintiff residence in
27
    Fresno County is controlling as the Venue.
28

                              - 1 -
                    **COMPLAINT FOR DAMAGES**

### III

### PARTIES

The Plaintiff, Hussein Osman Ali is and at times mentioned herein, is a resident of Fresno County, California, and over twenty-one years of age. Plaintiff is informed and believes and thereon alleges that defendants are corporations and do business under these names. Plaintiff is ignorant of the true names and capacities of defendants sued here, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and Capacities when ascertained. Each Doe Defendant is responsible for the Plaintiff's damage, and worked at the direction, and/or with ratification of defendants SYNCHRONY BANK.

### IV

### MEMORANDUM OF POINTS AND AUTHORITIES

### 1- INTRODUCTION

On or about January of 2017 Plaintiff Discovered that Defendant is reporting that he is a Deceased on his Report. Plaintiff contacted Defendant and requested that his information be corrected on his Consumer Report. Plaintiff reached out to Defendant to resolve this issue several times but each time Defendant response was what it is reporting is accurate and it will not be changed.

### 2.    LEGAL ARGUMENT

The law is very clear that when furnisher of information receives a dispute from the Consumer. It must investigate.  UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT LINDA JOHNSON v.  MBNA AMERICA BANK, NA, Defendant Appellant,  No. 03-1235, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION 99 F. Supp. 2d 918, *; 2000 U.S. Dist. LEXIS 8018, **  SCOTT DORNHECKER, JOSE SANCHEZ, and CAROLYN JOHNSON, Plaintiffs, v. AMERITECH CORPORATION, Defendant. No. 00 C 26 . The civil liability sections, 15 U.S.C. § 1681n and 1681o, explicitly provide a private right of action for consumers wishing to enforce any provision of the Fair Credit Reporting Act against "any person" who either "willfully fails to comply" or is

"negligent in failing to comply." Absent any explicit limitation, the plain language of 15 U.S.C. §§ 1681n, 1681o, 1681s-2(b) and (c) provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. Furthermore, the negative inference of explicitly precluding a consumer's right of action for violations of § 1681s-2(a) is that they are preserved in § 1681s-2(b). Accordingly, the plain language of the Fair Credit Reporting Act compels the conclusion that there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information.

TOBY D. NELSON, Plaintiff-Appellant, v. CHASE MANHATTAN MORTGAGE CORP., Defendant-Appellee. No. 00-15946 United States Court of Appeals for the Ninth Circuit D.C. No. CV-99-00290-JBR (RLH) the amendment of § § 1681n & o effected in 1996. Before amendment, § 1681n & o provided for suit against a CRA or against a user of credit information, but not against a furnisher. When the statute was amended, "any person" was made open to suit. See Pub.L. 104-208 at § 2412; 110 Stat. 3009 at § 2412 (1996) ("section 616 of the [FCRA] . . . is amended by striking ' any consumer reporting agency or user of information which' and inserting ' (a) IN GENERAL, any person who' "). As counsel for the FTC observed, there are involved in any credit transaction only the consumer, the CRAs, the user of the credit reports and the furnishers of the credit information. As consumers would not be made subject to suit by consumers, and as CRAs and users were already suable, whom else except furnishers could Congress have had in mind when it introduced "any person" into the statute? Where, other than under § 1681s-2(b) would furnishers be suable by consumers.

In Dornhecker v. Ameritech Corporation, [FN1] the court held that the FCRA provides individual consumers with a private right of action against a furnisher of credit information for failing to properly comply with its investigative duties once it has received notice of a dispute from a credit reporting agency. Three plaintiffs, who were consumers as defined by the FCRA, alleged that Ameritech opened phone service accounts on behalf of third persons who fraudulently used plaintiffs' names and other identifying information, and thus allowed debt to be falsely incurred in their names. Plaintiffs alleged that because Ameritech failed to appropriately screen account applicants, it opened accounts on behalf of third persons who used plaintiffs' personal identifiers

1  to receive services from Ameritech. Plaintiffs never received these services. Ameritech eventually
2  enlisted the aid of collection agencies and reported the bad debt to credit reporting agencies.
3  Ameritech requested dismissal of plaintiffs' FCRA claims, saying that there was no private right
4  of action under the section of the FCRA requiring furnishers of information to investigate
   disputed credit information. Analyzing the case under the four-factor test set forth by the Supreme
5  Court in Court v. Ash [FN2] for determining whether a private remedy is implicit in a statute not
6  expressly providing for one, the court held that individual consumers do have a private right of
7  action against a furnisher of information under the FCRA. [FN3
8
9
10              **FIRST CAUSE OF ACTION**
11  **Failure to Conduct a Reasonable Investigation Violations of FCRA, 15 U.S.C. § 1681i**
12
    Plaintiff re-alleges and incorporates all previous paragraphs of this Complaint.
13
14  SYNCHRONY BANK violated 15 U.S.C. § 1681i by failing to delete inaccurate information in
15  the Plaintiff's Consumer file after receiving a notice dated January 2017. The actual notice of
16  such inaccuracies; by failing to conduct a genuine and reasonable investigation in response to
17  Plaintiff's dispute; by failing to maintain reasonable procedures with which to filter and verify
18  disputed information in the Plaintiff's file; by persisting in reporting information that it knew or
19  should have known to be inaccurate and damaging; and by relying on verification from a source it
20  had reason to know is unreliable.
21
    As a result of SYNCHRONY BANK conduct, actions, and inaction, Plaintiff suffered actual
22  damages in the form of loss. In addition, Plaintiff suffered emotional distress, including anxiety,
23  frustration, embarrassment, and humiliation. SYNCHRONY BANK conduct, actions, and
24  inactions were willful, rendering SYNCHRONY BANK liable for damages under 15 U.S.C. §
25  1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.
26
27  Plaintiff is entitled to recover costs and attorney's fees from SYNCHRONY BANK in an amount
28  to be determined at trial under 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

1
2  Plaintiff's alleges that Defendant is negligent of non-compliance with the FCRA. Section
3  1691o(a). Defendants who are negligent in failing to comply with the requirement imposed under
4  this subchapter with respect to the plaintiff is liable to that consumer for damages and costs.  The
   Plaintiff suffered due to that negligent and noncompliance by failing to investigate the dispute.
5
6  THEREFORE Plaintiffs request judgment against Defendant for damages of $1,000 plus costs
7  and fees and respectfully ask this Court for leave to move for punitive damages.  Defendants
8  failed to follow reasonable procedures to assure the maximum possible accuracy of information in
9  the plaintiff consumer report. By failing to do so the plaintiff consumer's credit worthiness, credit
10 standing, credit capacity, character, general reputation, personal characteristics, or mode of living
11 was suffered and endure unnecessary hardship.
12
13
14                                **SECOND CAUSE OF ACTION**
15              **Failure to Conduct Reasonable Investigation Violation of the**
                              **FCRA, 15 U.S.C. § 1681s-2(b)**
16
17 Plaintiff re-alleges and incorporates all previous paragraphs of this Complaint.
18
19 Defendant SYNCHRONY BANK violated 15 U.S.C. § 1681s-2(b) by failing to conduct a
20 reasonable investigation with respect to the disputed information; by failing to review and
   consider all the information provided by SYNCHRONY BANK and/or Plaintiff; by failing to
21 delete inaccurate information after receiving notice of such inaccuracies; and by persisting in
22 reporting information that SYNCHRONY BANK knew or should have known to be inaccurate
23 and damaging.
24 As a result of such conduct, action, or inaction by SYNCHRONY BANK Plaintiff suffered actual
25 damages by loss of interference with existing and prospective banking relationships. In addition,
26 Plaintiff suffered emotional distress, including anxiety, frustration, embarrassment, and
27 humiliation.
28

1  SYNCHRONY BANK's conduct, action, or inaction was willful, rendering it liable for damages
2  under 15 U.S.C. § 1681n.

3
4  Plaintiff is entitled to recover costs and attorney's fees from SYNCHRONY BANK in an amount
   to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.
5

6

7                              **THIRD CAUSE OF ACTION**
8                                     **Defamation**
9  Plaintiff re-alleges and incorporates all previous paragraphs of this Complaint.

10
11 Defendants made statements of and concerning Plaintiff, namely that Plaintiff is a
12 Deceased.

13
14 Defendants' statements were, and are, false. Plaintiff has not committed bank fraud.

15 Defendants published the false statements to third parties.

16
17 Defendants made their statements with actual knowledge of their falsity or with reckless
18 disregard for whether the statements were true or not.

19
20 Plaintiff suffered actual damages, including harm to his reputation and other related harm,
21 from the publication of the statements. In addition, the defamatory statements accused
   Plaintiff of criminal activity and were thus defamatory per se. As a result of Defendants'
22 defamation, Plaintiff is entitled to compensatory and presumed damages in an amount to be
23 proven at trial.

24

25

26

27

28

## FOURTH CAUSE OF ACTION

### Tortious Interference with Prospective Economic Advantage

Plaintiff had prospective contract rights with a number of banks.

Defendants were aware, or should have been aware, of such prospective contract rights. By engaging in the tortious conduct described herein, Defendants interfered with Plaintiff's prospective contract rights. Specifically, Defendants falsely reported that Plaintiff is a Deceased, knowing that such a report would interfere with Plaintiff's ability to enter into banking relationships.

Defendants' false and defamatory report of being a Deceased prevent Plaintiff from entering into contracts for banking services. As a result, Plaintiff suffered damage.

As a result of Defendants' tortious interference, Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

Civil liability for negligent noncompliance negligent and willful failure to reinvestigate the disputed entries in violation of sections 611(a), 616, and 617 of the FCRA, 15 U.S.C. §§ 1681i(a), 1681n, 1681o" In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.—Defendants had a duty of reasonable care not to injure the Plaintiff, privacy, general reputation, or credit reputation. The defendants have negligently violated their duty of reasonable care to Plaintiff by continuing to report accounts as severely delinquent. As a direct and proximate result of the defendants'

negligence, the Plaintiffs have suffered extreme mental anguish, a loss of reputation, and a loss of ability to obtain credit.

THEREFORE, Plaintiffs have suffered economic and psychological damages as a result of the negligence of Defendants and are entitled to reimbursement and compensation for their injuries.

WHEREFORE, Plaintiffs request judgment against Defendants for economic and psychological damages as well as compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

WHEREFORE, plaintiff prays judgment against defendant, for damages as more fully set forth below.

1. For general damages according to proof greatly exceeding the jurisdictional minimum.

2. For special damages according to proof greatly exceeds the jurisdictional minimum.

3. For exemplary and punitive damages in an amount appropriate to punish defendants and deter others from engaging in similar misconduct.

4. For restitution to plaintiff pursuant to Federal law and the principles of equity in an amount to be determined according to proof.

5. For attorney's fees and cost of suite.

6. For interest at the legal rate according to proof.

7. For such other and further relief as the court may deem just and proper.

Plaintiffs request a jury trial.

DATED: March 2, 2017

Hussein Osman Ali
In Pro Per

COMPLAINT FOR DAMAGES

# EXHIBIT B

1   Zachary Frampton (SBN 303225)
    Email:  zframpton@reedsmith.com
2   REED SMITH LLP
    355 South Grand Avenue, Suite 2900
3   Los Angeles, CA  90071-1514
    Telephone:     +1 213 457 8000
4   Facsimile:      +1 213 457 8080

5   Attorneys for Defendant
    Synchrony Bank

6

7

E-FILED
3/29/2017 2:30:44 PM
FRESNO COUNTY SUPERIOR COURT
By: Teng Moua, Deputy

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                             FOR THE COUNTY OF FRESNO

10                              B. F. SISK COURTHOUSE

11   HUSSEIN OSMAN ALI,                           Case No.: 17CECG00659

12                       Plaintiff,               **DEFENDANT SYNCHRONY BANK'S
                                                  ANSWER TO PLAINTIFF'S UNVERIFIED
13          vs.                                   COMPLAINT**

14   SYNCHRONY BANK,                              Complaint Filed: March 2, 2017

15                       Defendants.              Hon. Alan M. Simpson – Dept. 503

16

17

18

19

20

21

22

23

24

25

26

27

28

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

Defendant Synchrony Bank ("Synchrony") answering the unverified Complaint of Plaintiff Hussein Osman Ali ("Plaintiff"), admits, denies, and alleges as follows:

## GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure § 431.30, Synchrony denies each and every material allegation contained in the Complaint.  Synchrony further denies that Plaintiff has sustained any damages in the amounts alleged in the Complaint, or any damages at all, by reason of any act, breach or omission on the part of Synchrony or its agents, representatives, or employees.

## AFFIRMATIVE DEFENSES

Synchrony also asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.      Plaintiff's claims fail to allege facts sufficient to state any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

2.      Plaintiff's claims are barred by all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

#### (Laches)

3.      Plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

#### (Estoppel)

4.      All of the causes of action alleged in the Complaint are barred by the doctrine of estoppel.

/ / /

/ / /

/ / /

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT SYNCHRONY BANK'S ANSWER TO UNVERIFIED COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

5.    Plaintiff has waived any and all claims, rights and demands that Plaintiff had or may have against Synchrony, and any claims by Plaintiff asserted herein are subject to that waiver.

**SIXTH AFFIRMATIVE DEFENSE**

**(Ratification/Consent)**

6.    Plaintiff has ratified or consented to the actions and conduct of Synchrony.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

7.    Plaintiff fails to show that any alleged acts or omissions of Synchrony caused the damages, injuries, or losses claimed.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Standing)**

*8.*    Plaintiff's claims may be barred in whole or in part because the Plaintiff has suffered no actual concrete injury and therefore has no standing to bring a statutory claim. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), *as revised* (May 24, 2016) (stating that to have standing under Article III, a plaintiff must have suffered invasion of a legally protected interest that is both concrete and particularized).

**NINTH AFFIRMATIVE DEFENSE**

**(Intervening Acts of Others)**

9.    The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Synchrony.

**TENTH AFFIRMATIVE DEFENSE**

**(Fault of Plaintiff and/or Others)**

10.    If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff or of third parties, and not Synchrony.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT SYNCHRONY BANK'S ANSWER TO UNVERIFIED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

11.     Plaintiff did not incur any damages, injury, or loss as a result of any act or conduct by Synchrony.

## TWELFTH AFFIRMATIVE DEFENSE

### (Offset)

12.     Synchrony is entitled to an offset of the claims set forth in the Complaint sufficient to diminish or defeat the recovery thereunder by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Innocent Mistake/Bona Fide Error)

13.     Any alleged acts or omissions of Synchrony giving rise to the claims of Plaintiff, if any, are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Synchrony.  Synchrony, at all times acted in a reasonable manner in connection with the transactions at issue in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

14.     Synchrony specifically denies that it acted with any intent or knowledge to cause any injury or loss to Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Justification)

15.     The acts and omissions alleged in the Complaint were justified, proper, legal, fair, and not done in degradation of Plaintiff's rights or legal interests.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

16.     The claims of Plaintiff are uncertain, ambiguous, and unintelligible.

/ / /

/ / /

/ / /

DEFENDANT SYNCHRONY BANK'S ANSWER TO UNVERIFIED COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

17.     Plaintiff has failed, in whole or in part, to mitigate Plaintiff's alleged damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith/Conformance with Applicable Standards)

18.     With respect to all matters alleged in the Complaint, Synchrony at all times acted in good faith and in conformance with all applicable government and industry standards, thus precluding any recovery by Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

19.     Synchrony met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to Synchrony.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Duty to Plaintiff)

20.     Synchrony owed no duty to Plaintiff to control the alleged conduct of third persons/entities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Malice)

21.     Synchrony specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff or others.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Right to Compel Arbitration)

22.     Synchrony reserves its right compel arbitration of this matter, pursuant to the relevant agreement(s).

/ / /

/ / /

/ / /

/ / /

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 4 –

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Condition Precedent)**

23.     Conditions precedent, which may have given rise to a duty to act or liability on the part of Synchrony, did not arise.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Parties)**

24.     The injuries or damages of which Plaintiff complains were caused in whole or in part by non-parties whom Plaintiff has failed to join in this action.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

25.     Some or all of Plaintiff's claims are barred by the doctrine of Unclean Hands.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Accuracy/Completeness of Information Furnished)**

26.     The statements or representations made by Synchrony, as alleged in the Complaint, were accurate and complete when made or reasonably believed to be accurate and complete based upon the information then available to Synchrony.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

27.     The statement or representations made by Synchrony, as alleged in the Amended Complaint were privileged.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Give Notice)**

28.     Plaintiff and credit reporting agencies failed to give proper notice to Synchrony of the dispute as required by law.

/ / /

/ / /

/ / /

/ / /

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANT SYNCHRONY BANK'S ANSWER TO UNVERIFIED COMPLAINT

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Contribution)**

29.     Any harm alleged can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Several Liability)**

30.     Should Plaintiff prevail against Synchrony, Synchrony's liability is several and limited to its own actionable segment of fault, if any.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Offset)**

31.     Plaintiff's claims should be reduced or offset by any monies previously paid toward plaintiff's damages.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Exemplary/Punitive Damages)**

32.     Plaintiff's demand for exemplary/punitive damages violates the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and the analogous provisions of applicable State Constitution.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Preemption)**

33.     One or more of the causes of action asserted by Plaintiff are subject to preemption by governing federal statute(s), including but not limited to the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

34.     Synchrony has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Synchrony therefore

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT SYNCHRONY BANK'S ANSWER TO UNVERIFIED COMPLAINT

reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

WHEREFORE, Synchrony prays for judgment as follows:

1.    That Plaintiff takes nothing by reason of the Complaint herein;

2.    For costs of the suit herein; and

3.    For such other and further relief as this Court may deem just and proper.


DATED:  March 29, 2017                    REED SMITH, LLP

By: _____
    Zachary Frampton
    Attorneys for Defendant
    Synchrony Bank

DEFENDANT SYNCHRONY BANK'S ANSWER TO UNVERIFIED COMPLAINT

1

2

**PROOF OF SERVICE**
*Hussein Osman Ali v. Synchrony Bank*
Fresno Superior Court Case No. 17CECG00659

3

4

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071-1514.  On March 29, 2017, I served the following document(s) by the method indicated below:

5

**DEFENDANT SYNCHRONY BANK'S**
**ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

6

7

☐    by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below.  The transmission was completed before 5:00 PM  and was reported complete and without error.

8

9

10

☑    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

11

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

12

13

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

14

☐    by transmitting via email to the parties at the email addresses listed below:

15

16

17

Hussein Osman Ali
5730 N. First St.
Suite 105-208
Fresno, CA  937l0
E-mail:        hali41559@amail.com
Telephone:  (559) 647-2360

18

*Plaintiff in Pro Per*

19

20

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on March 29, 2017, at Los Angeles, California.

21

22

Arleen A. Swenson

23

24

25

26

27

28

US_ACTIVE-133456087.1-ASWENSON

REED SMITH LLP
A limited liability partnership formed in the State of Delaware